UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.

Mauro Granados,
Victor F. Espinoza,
and other similarly situated individuals,

     Plaintiffs

v.

Harrison Contracting Co., Inc.

     Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiffs Mauro Granados, Victor F. Espinoza, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Harrison Contracting Co., Inc., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs Mauro Granados and Victor F. Espinoza are residents of Okaloosa County, Florida, within this Honorable Court jurisdiction.   Plaintiffs are covered employees for purposes of the Act.

3. Corporate Defendant Harrison Contracting Co., Inc. (hereinafter Harrison Construction, or Defendant) is a Florida Corporation that performs business in

Okaloosa County within this Court's jurisdiction. Defendant is a construction General Contractor.   At all times, Defendant was and is engaged in interstate commerce.

4. All the actions raised in this complaint took place in Okaloosa County, Florida, within this Court's jurisdiction.

Allegations Common to All Counts

5. This cause of action is brought by Plaintiffs Mauro Granados and Victor F. Espinoza, and as a collective action to recover from Defendant overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "F.L.A. or the "A.C.T.") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") who were not paid regular wages, and who worked in excess of forty (40) hours during one or more weeks on March 2018, (the "material time"), without being adequately compensated.

6. Defendant Harrison Construction is a commercial construction company specializing in painting and related services. Defendant serves mainly the Northern and Middle Florida area.

7. Defendant Harrison Construction was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a General Contractor working in the construction of facilities engaged in interstate commerce. Consequently, Defendant's business activities affect interstate commerce. Defendant had more than two employees regularly engaged

in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, and uses interstate commerce's instrumentalities and channels. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8.  Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction of facilities dedicated to providing services in interstate commerce. Therefore, there is FLSA individual coverage.

9.  Defendant Harrison Construction employed Mauro Granados and Victor F. Espinoza as non-exempted, hourly construction employees.

10. Plaintiff Mauro Granados was employed by Defendant as a painter from approximately March 01, 2016, to March 02, 2021, or 5 years. However, for FLSA's purposes, Plaintiff's relevant time of employment was 154 weeks. Plaintiff's wage-rate at the time of his termination was $17.00 an hour.

11. Plaintiff Victor F. Espinoza was employed by Defendant as a painter from approximately March 01, 2019, to March 02, 2021, or 102 weeks. Plaintiff's wage-rate at the time of his termination was $17.00 an hour.

12. Plaintiffs' overtime rate should be $25.50 an hour.

13. Defendant employed Plaintiffs and other similarly situated individuals and subjected all of them to the same employment practices. Defendant did not pay Plaintiffs and other similarly situated individuals regular and overtime wages.

14. While employed by Defendant, Plaintiffs worked weeks of six days and seven days per week.  Every month Plaintiffs worked two weeks of 6 days and two weeks of 7 days.

15. Plaintiffs had a regular schedule, and on Mondays, they worked from 6:30 to 3:30 (9 hours); from Tuesdays to Saturdays, Plaintiffs worked from 7:00 AM to 3:30 PM (8.5 hours daily). When Plaintiffs worked on Sundays, they performed the same schedule. Thus, in weeks of 6 days, Plaintiffs completed 51.5 working hours; in weeks of 7 days of work, Plaintiffs completed 60 working hours.

16. Plaintiffs were unable to take bonafide lunch hours.

17. Defendant required Plaintiffs to work more than 40 hours every week.  However, Defendant did not pay Plaintiffs for all their hours worked.

18. Defendant paid Plaintiff regularly up to 40 straight hours. Nevertheless, the hours above 40, worked on Saturdays and Sundays, were not paid regularly.  Occasionally Plaintiffs received overtime payment at regular rate for a few hours. Sometimes, Plaintiffs did not receive any payment at all.  There is a substantial number of hours over 40 that were never paid at any rate, not even the minimum wage rate as required by law.

19. Plaintiffs did not clock in and out, but they were closely monitored by supervisory staff and the Division Manager Terry Brookins. Defendant was able to track the hours worked by Plaintiffs and other similarly situated employees.

20. Therefore, Defendant willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked

over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiffs complained about their payment for regular and overtime hours to the Division Manager Terry Brookins many times. Every time he answered: "We do not pay overtime here. If you don't like it, you can leave".  Plaintiff needed their employment, and they continued working.

22. However, on about March 02, 2021, Plaintiffs were fired after they complained about unpaid wages.

23. Plaintiffs Mauro Granados and Victor F. Espinoza seek to recover any regular unpaid wages and overtime hours accumulated during all his relevant time of employment, liquidated damages, retaliatory damages, and any other damages, as allowable by law.

<u>Collective Action Allegations</u>

24. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiffs contend that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiffs and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

26. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime

hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

27. Plaintiffs Mauro Granados and Victor F. Espinoza re-adopt every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. This action is brought by Plaintiffs and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendant Harrison Construction was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

30. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction/remodeling of facilities dedicated to interstate commerce services. Therefore, there is FLSA individual coverage.

31. Because of the foregoing, the Employer/Defendant Harrison Construction was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

32. Defendant Harrison Construction employed Mauro Granados and Victor F. Espinoza as non-exempted, hourly construction employees.

33. While employed by Defendant, Plaintiffs worked weeks of six and seven days per week.  Every month Plaintiffs worked two weeks of 6 days and two weeks of 7 days.

34. Plaintiffs had a regular schedule, and on Mondays, they worked from 6:30 to 3:30 (9 hours); from Tuesdays to Saturdays, Plaintiffs worked from 7:00 AM to 3:30 PM (8.5 hours daily). When Plaintiffs worked on Sundays, they performed the same schedule. Thus, in weeks of 6 days, Plaintiffs completed 51.5 working hours; in weeks of 7 days of work, Plaintiffs completed 60 working hours.

35. Plaintiffs were unable to take bonafide lunch hours.

36. Defendant required Plaintiffs to work more than 40 hours every week.  However, Defendant did not pay Plaintiffs for all their hours worked.

37. Defendant required Plaintiffs to work more than 40 hours every week.  However, Defendant did not pay Plaintiffs for all their hours worked. During several weeks, Defendant did not pay Plaintiffs their regular wages and overtime hours at any rate, not even the minimum wage rate.

38. Plaintiffs did not clock in and out, but they were closely monitored by supervisory staff, and the Division Manager Terry Brookins. Defendant was able to track the hours worked by Plaintiffs and other similarly situated employees.

39. Therefore, Defendant willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked

over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. Plaintiff were paid weekly with checks and paystubs that did not reflect the real number of days and hours worked.

41. The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class upon information and belief.  Defendant violated the record-keeping requirements of FLSA, 29 C.F.R. Part 516.

42. Defendant Harrison Construction employed Plaintiffs for the following periods and owes them unpaid overtime wages as follows:

### 1.- Overtime Claim of Plaintiff Mauro Granados

43. Defendant Harrison Construction employed Plaintiff Mauro Granados as a painter from approximately March 01, 2016, to March 02, 2021, or 5 years. However, for FLSA's purposes, Plaintiff's relevant time of employment was 154 weeks. Plaintiff's wage-rate at the time of his termination was $17.00 an hour.

44. While employed by Defendant, Plaintiff worked 77 weeks of six days with 51.5 working hours and 77 weeks of 7 days with 60 working hours. Plaintiff was unable to take bonafide lunch hours.

45. Defendant required Plaintiffs to work more than 40 hours every week.  However, Defendant did not pay Plaintiff for all his overtime hours, as established by the Fair Labor Standards Act.

\*Plaintiff is not in possession of time and payment records and has not deducted some overtime hours that were paid to him occasionally.
\*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

    a.  <u>Total amount of alleged unpaid wages</u>:

       Sixty-One Thousand Eight Hundred Fifty Dollars and 00/100 ($61,850.00)

    b.  <u>Calculation of such wages</u>:

       Total relevant employment period:  154 weeks
       Regular rate: $17.00

       1.- <u>Overtime for 77 weeks with 6 days/51.5 working hours weekly</u>
       Relevant weeks: 77 weeks
       Total number of hours worked weekly:  51.5 hours weekly
       Total number of overtime hours:  11.5 O/T hours weekly
       Total number of unpaid overtime hours: 11.5 O/T hours weekly
       Regular rate:  $17.00 x hour x 1.5 = $25.50 O/T rate
       O/T rate: $25.50

       O/T rate $25.50 x 11.5 O/T hours=$293.25 weekly x 77 weeks = $22,580.00

       2.- <u>Overtime for 77 weeks with 7days/60 working hours weekly</u>
       Relevant weeks: 77 weeks
       Total number of hours worked weekly:  60 hours weekly
       Total number of overtime hours:  20 O/T hours weekly
       Total number of unpaid overtime hours: 20 O/T hours weekly
       Regular rate:  $17.00 x hour x 1.5 = $25.50 O/T rate
       O/T rate: $25.50

       O/T rate $25.50 x 20 O/T hours=$510.00 weekly x 77 weeks = $39,270.00

       Total #1 and #2:  $61,850.00

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

      This amount represents the unpaid overtime hours.

<u>2.- Overtime Claim of Plaintiff Victor F. Espinoza</u>

46. Defendant Harrison Construction employed Plaintiff Victor F. Espinoza was

    employed by Defendant as a painter from approximately March 01, 2019, to March

02, 2021, or 102 weeks. Plaintiff's wage-rate at the time of his termination was $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour.

47. While employed by Defendant, Plaintiff worked 77 weeks of six days with 51.5 working hours and 77 weeks of 7 days with 60 working hours. Plaintiff was unable to take bonafide lunch hours.

48. Defendant required Plaintiffs to work more than 40 hours every week.  However, Defendant did not pay Plaintiff for all his overtime hours, as established by the Fair Labor Standards Act.

*Plaintiff is not in possession of time and payment records and has not deducted some overtime hours that were paid to him occasionally.
*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

    a.   Total amount of alleged unpaid wages:

       Forty Thousand Nine Hundred Sixty-Five Dollars and 75/100 ($40,965.75)

    b.   Calculation of such wages:

       Total relevant employment period:  102 weeks
       Regular rate: $17.00

       1.- Overtime for 51 weeks with 6 days/51.5 working hours weekly
       Relevant weeks: 51 weeks
       Total number of hours worked weekly:  51.5 hours weekly
       Total number of overtime hours:  11.5 O/T hours weekly
       Total number of unpaid overtime hours: 11.5 O/T hours weekly
       Regular rate:  $17.00 x hour x 1.5 = $25.50 O/T rate
       O/T rate: $25.50

       O/T rate $25.50 x 11.5 O/T hours=$293.25 weekly x 51 weeks= $14,955.75

       2.- Overtime for 51 weeks with 7days/60 working hours weekly
       Relevant weeks: 77 weeks
       Total number of hours worked weekly:  60 hours weekly
       Total number of overtime hours:  20 O/T hours weekly
       Total number of unpaid overtime hours: 20 O/T hours weekly
       Regular rate:  $17.00 x hour x 1.5 = $25.50 O/T rate

O/T rate: $25.50

O/T rate $25.50 x 20 O/T hours=$510.00 weekly x 51 weeks = $26,010.00

Total #1 and #2:  $40,965.75

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents the unpaid overtime hours.

49. At all times, the Employer/Defendant Harrison Construction failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

50. Defendant Harrison Construction knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

51. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiffs' employment with Defendant as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

52. Defendant Harrison Construction willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States and remain

owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendant, as set forth above.

53. Plaintiffs Mauro Granados and Victor F. Espinoza have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Mauro Granados, Victor F. Espinoza, and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Mauro Granados and Victor F. Espinoza, and other similarly situated and against the Defendant Harrison Construction based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs' actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Mauro Granados and Victor F. Espinoza and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;
## PURSUANT TO 29 U.S.C. 215(a)(3),

54. Plaintiffs Mauro Granados and Victor F. Espinoza re-adopt every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

55. Defendant Harrison Construction was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

56. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction of facilities dedicated to provide services in interstate commerce. Therefore, there is FLSA individual coverage.

57. Because of the foregoing, the Employer/Defendant Harrison Construction was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

58. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

59. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

60. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Chapter."

61. Defendant Harrison Construction employed Mauro Granados and Victor F. Espinoza as non-exempted, hourly construction employees.

62. Plaintiff Mauro Granados was employed by Defendant as a painter from approximately March 01, 2016, to March 02, 2021, or 5 years. However, for FLSA's purposes, Plaintiff's relevant time of employment was 154 weeks. Plaintiff's wage-rate at the time of his termination was $17.00 an hour.

63. Plaintiff Victor F. Espinoza was employed by Defendant as a painter from approximately March 01, 2019, to March 02, 2021, or 102 weeks. Plaintiff's wage-rate at the time of his termination was $17.00 an hour. Plaintiffs' overtime rate should be $25.50 an hour.

64. Defendant employed Plaintiffs and other similarly situated individuals and subjected all of them to the same employment practices. Defendant did not pay Plaintiffs and other similarly situated individuals regular and overtime wages.

65. While employed by Defendant, Plaintiffs worked weeks of six days and seven days per week.  Every month Plaintiffs worked two weeks of 6 days and two weeks of 7 days.

66. Thus, in weeks of 6 days, Plaintiffs completed 51.5 working hours; in weeks of 7 days of work, Plaintiffs completed 60 working hours. Plaintiffs were unable to take bonafide lunch hours.

67. Plaintiffs receive payment for straight hours from Monday to Friday.  However, Defendants failed to pay for hours worked on Saturday and Sunday, 8.5 hours each day, or 17 hours.

68. Defendant required Plaintiffs to work more than 40 hours every week.  However, Defendant did not pay Plaintiffs for all their hours worked.

69. Defendant paid Plaintiff regularly up to 40 straight hours. Nevertheless, the hours above 40, worked on Saturdays and Sundays, were not paid regularly.  Occasionally Plaintiffs received overtime payment at regular rate for a few hours. Sometimes, Plaintiffs did not receive any payment at all.  There is a substantial number of hours above 40 that were never paid at any rate, not even the minimum wage rate as required by law.

70. Plaintiffs did not clock in and out, but they were closely monitored by supervisory staff, and the Division Manager Terry Brookins.  Defendant was able to track the hours worked by Plaintiffs and other similarly situated employees.

71. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and a half their regular rate, for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

72. Plaintiffs complained about their payment for regular and overtime hours to the Division Manager Terry Brookins many times. Every time he answered: "We do not pay overtime here. If you don't like it, you can leave".  Plaintiff needed their employment, and they continued working.

73. These complaints constituted protected activity under the FLSA.

74. However, or about March 02, 2021, Plaintiffs complained again about the lack of payment for hours over 40.

75. This complaint constituted protected activity under the FLSA.

76. Nevertheless, because of Plaintiffs' complaints, Division Manager Terry Brookins got angry and fired both Plaintiffs, together with two co-workers who were complaining about unpaid wages also.

77. At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiffs.

78. The motivating factor which caused the Plaintiffs' discharge as described above was their complaints seeking unpaid overtime wages from Defendant.  In other words, Plaintiff would not have been discharged but for their complaints about unpaid overtime wages.

79. Defendant's discharge of the Plaintiffs was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiffs have been damaged.

80. Plaintiffs Mauro Granados and Victor F. Espinoza have retained the law offices of the undersigned attorney to represent them in this action, and they are obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Mauro Granados and Victor F. Espinoza respectfully request that this Honorable Court:

A. Enter judgment against the Defendant Harrison Construction, that Plaintiffs Mauro Granados and Victor F. Espinoza recover compensatory damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B. That Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

C. Order the Defendant to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D. Plaintiffs Mauro Granados and Victor F. Espinoza further pray for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiffs Mauro Granados and Victor F. Espinoza demand trial by a jury of all issues triable as right by a jury.

Dated:  March 23, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*